UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| LASHANDA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | |
| ST. GENEVIVE HEALTH CARE | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Lashanda Williams brings this case against Defendant St. Genevive Health Care Services, Inc. seeking unpaid overtime wages and other available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

## JURISDICTION AND VENUE

1.     This Court has federal question jurisdiction pursuant to 28 U.S.C.  § 1331 because Plaintiff has asserted a federal claim pursuant to the FLSA.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## PARTIES

*Plaintiff*

3.     Plaintiff Lashanda Williams is an adult resident of Alexandria, Louisiana. Williams worked for Defendant as a  developmental social worker.  Plaintiff was not paid

overtime compensation for hours she worked in excess of 40 in a workweek even though she regularly worked more than 40 hours in a workweek.

4.     At all relevant times, as employee of Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce as described in 29 U.S.C. §§ 206 and 207.

***Defendant***

5.     Defendant St. Genevive Health Care Services, Inc. is a Louisiana health care services corporation with its headquarters located in Shreveport, Louisiana.  Defendant owns and operates an office out of  Alexandria, Louisiana where Plaintiff was employed.

6.     At all relevant times, Defendant was an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s).

7.     At all relevant times, Defendant has employed two or more persons, including Plaintiff, "engaged in commerce or in the production of goods for commerce," as defined in § 203(s)(1)(A)(i).

8.     At all relevant times, Defendant achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

9.     Defendant issued paychecks to Plaintiff during her employment.

10.     Defendant directed the work of Plaintiff and benefited from work performed that Defendant suffered or permitted from her.

11.     Defendant did not pay Plaintiff overtime compensation for hours she worked for Defendant's benefit in excess of 40 hours in a workweek.

**FACTUAL ALLEGATIONS**

12.     From approximately 2013 through present date, Plaintiff worked for Defendant as a developmental social worker out of Defendant's office located in Alexandria, Louisiana.

13.     From the beginning of Plaintiff's employment through approximately 2016, Defendant paid Plaintiff on an hourly basis.  From approximately 2016 through 2017, Defendant paid Plaintiff on a salary basis.  From approximately 2017 through 2018, Defendant paid Plaintiff on an hourly basis.

14.     Defendant tracked Plaintiff's hours worked by having her submit handwritten time sheets each week.

15.     During the times in which she was an hourly employee, Plaintiff regularly worked more than 40 hours per workweek.  She did not receive overtime compensation for hours worked over 40 in a workweek.

16.     Through its unlawful actions, Defendant has deprived Plaintiff of overtime wages owed to her.

17.     Defendant acted willfully in failing to pay overtime compensation to Plaintiff for hours worked over 40 in a workweek.  Defendant knew or should have known that Plaintiff was non-exempt and that she should have been paid overtime compensation for all hours worked over 40 in a workweek.

## COUNT I - FAIR LABOR STANDARDS ACT

18.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if alleged fully herein.

20.     As set forth above, Defendant's failure to pay Plaintiff overtime compensation at a rate of one and one-half times her regular rate of pay owed to her during the three-year period preceding the filing of this Complaint violates the Fair Labor Standards Act, 29 U.S.C. § 207.

21.     Defendant's failure to pay Plaintiff in accordance with the requirements of Section 207 of the FLSA was in willful disregard of the overtime wage compensation requirements of the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A.  An award of  all damages for unpaid wages and compensation due to Plaintiff under the FLSA;

B.  An award of liquidated damages pursuant to 29 U.S.C. § 216(b);

C.  A finding that Defendant's violations of the FLSA have been willful and that, therefore, the statute of limitations for the FLSA claim is three years;

D.  Attorneys' fees and costs;

E.  Pre- and post-interest; and

F.  Any other relief to which Plaintiff may be entitled.


Dated: December 28, 2018                    Respectfully submitted,

                                             _/s/  Jennifer Solak_____
                                            Jennifer Solak
                                            Louisiana Bar Roll # 29979
                                            LEMBERG LAW, LLC
                                            43 Danbury Road, 3rd Floor
                                            Wilton, CT 06897
                                            Telephone: (203) 653-2250
                                            Facsimile: (203) 653-3424
                                            Jsolak@lemberglaw.com

                                            *Attorney for Plaintiff*